**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., | No. C14-02323 CRB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF FACEBOOK'S MOTION FOR AN ORDER PROHIBITING BRIAN ROBERT COSTELLO FROM APPEARING ON BEHALF OF DEFENDANT AND TO STRIKE DOCKETS 8, 10, AND 17** |
| v. | |
| MARTIN GRUNIN, | |
| Defendant. | |

Plaintiff Facebook, Inc. filed on June 19, 2014 a Motion for an Order Prohibiting Brian Robert Costello From Appearing on Behalf of Defendant and to Strike Dockets 8, 10, and 17. See Mot. (dkt. 18). Pro se Defendant Martin Grunin failed to timely oppose that Motion. In response to an Order to Show Cause, Defendant has filed a Notice, asserting: "It is the position of principal(s) that respondent(s) communication has no validity or legal effect on principal(s) contractual relationship with Brian-Robert: Costello, and, therefore, any further communications from respondent(s) will be disregarding the same." See Notice (dkt. 30). The Notice goes on to solicit $300,000 "[i]f respondent(s) wish to enter into this contractual relationship," and to assert that Costello "is a Public Minister of the united states of America," whose "duty is to protect the estates and the rights of His countrymen. . . ." Id.

The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for Friday, July 25, 2014, and

GRANTS the Motion.

Plaintiff asserts, and Defendant does not contest, that Costello is not an attorney licensed in California. See Mot. at 1. Indeed, the Court finds no record of Costello on the State Bar of California website. Costello's filings on behalf of Defendant therefore constitute the unauthorized practice of law under California Business and Professions Code Section 6125 ("No person shall practice law in California unless the person is an active member of the State Bar."). Costello's appearance on behalf of Defendant also violates Civil Local Rule 3-9, which provides that "[a]ny party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."[1] Accordingly, Costello is PROHIBITED from representing Defendant in this matter.

Plaintiff is also correct that Defendant's filings in docket entries 8 (a purported Special Limited Power of Attorney with "I DO NOT ACCEPT THIS OFFER TO CONTRACT" and "I DO NOT CONSENT TO THESE PROCEEDINGS" handwritten across previously filed documents), 10 (a June 4, 2014 letter to Plaintiff's counsel offering "to stop deleting any/all files, data that respondent(s) requested to be perserved" in exchange for $100,000), and 17 (a second June 4, 2014 letter to Plaintiff's counsel making the same offer) fail to satisfy Federal Rule of Civil Procedure 8(b), and are otherwise immaterial under Rule 12(f). Accordingly, the Court STRIKES docket entries 8, 10 and 17.

The Motion is therefore GRANTED.

**IT IS SO ORDERED.**

Dated: July 21, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] That Rule also states that sanctions, including default or dismissal, may be imposed for failure to comply with local rules.