IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

    Plaintiff,

v.

MARTIN GRUNIN,

    Defendant.

No. C 14-02323 WHA

**NOTICE RE DEFAULT AND DEFAULT JUDGMENT**

    Defendant Martin Grunin was served with the summons and complaint in May 2014. In June 2014, default was recorded against Mr. Grunin. Now pending is Mr. Grunin's motion to set aside entry of default, noticed for a hearing on October 30. Facebook, Inc. has opposed Mr. Grunin's motion. No motion for a default judgment has been filed.

    This notice provides guidance to counsel regarding default judgment. This notice is provided without prejudice as to Mr. Grunin's pending motion.

    1.    The operative complaint must state a claim for relief in order for a default judgment to be enforced. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 55, 61–70 (2d Cir. 1971), *reversed by Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 389 (1973). No relief will be provided for inadequately-pled claims. Necessary facts outside of the pleading are *not* established by default and may not be added in by supplemental declaration. A common mistake is to assume that the scope of offending conduct can be fleshed out with supplemental declarations. Not so. The scope of offending conduct is limited to the well-pled allegations in the operative complaint served on the defaulting defendant, for this is the pleading to which the

recipient had to decide whether to appear and defend versus concede by default. In other words, before a motion for a default judgment is filed, a plaintiff should make sure the operative complaint served on the defaulting defendant provides all of the allegations necessary. *Alan Neuman Productions., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989).

2. If and when default judgment is entered, the undersigned judge will invite declarations as to damages flowing from the well-pled allegations in the operative complaint and in some instances will hold a prove-up evidentiary hearing to establish damages, if any. *See* FRCP 55(b)(2). Plaintiff should file all of the declarations and relevant documents necessary to show the damages sought. The motion should explain with specificity the damages flowing from (and only from) the well-pled allegations in the complaint. Please be reasonable. General unspecified damage claims will not be sufficient. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

3. Once judgment is entered, a new lawsuit against the same defendant by the same plaintiff based on the same transaction and occurrence will be barred by *res judicata*.

4. Please file a statement by **NOON ON OCTOBER 27, 2014**, if either side would like to reevaluate their position in light of this notice.

Dated: October 22, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2