IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.,

    Plaintiff,

v.

MARTIN GRUNIN,

    Defendant.
                               /

No. C 14-02323 WHA

**ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT**

## INTRODUCTION

In this action involving alleged computer fraud and abuse, defendant moves to set aside entry of default. For the reasons stated herein, the motion is **DENIED**.

## STATEMENT

Plaintiff Facebook, Inc. commenced this action in May 2014. The only named defendant, Martin Grunin, was personally served on May 22, 2014 (Dkt. No. 13). Mr. Grunin then voluntarily appeared in May 2014, by filing a hodgepodge of materials, including a document allegedly conferring "special limited power of attorney" on an individual named "Brian-Robert: Costello" (Dkt. No. 8). Mr. Grunin also filed various documents from this action, such as the summons and complaint, on which an individual wrote (Dkt. No. 8):

> I DO NOT ACCEPT THIS OFFER TO CONTRACT and I DO NOT CONSENT TO THESE PROCEEDINGS.
> BY: Brian Robert: Costello
> Public Minister / Diplomat
> united states of America [sic]
> For: Martin Grunin

Mr. Costello then filed a letter, dated June 4, 2014, entitled "Constructive Notice of Conditional Acceptance," stating, *inter alia*, that Mr. Grunin had received the complaint, that Mr. Grunin would accept Facebook's "offer to stop deleting any/all files" upon receipt of a check for $100,000, and that future attempts by Facebook to "communicate or summon" Mr. Grunin to "any public court" would require consideration of one million dollars (Dkt. No. 10).  The action was reassigned to Judge Charles Breyer in June 2014.

Default was recorded against Mr. Grunin on June 23, 2014 (Dkt. No. 22).  Mr. Grunin then filed a letter titled "Notice of Offer to Settle," appending a copy of a check to Facebook for the amount of $250 (Dkt. No. 23).  Other documents filed by Mr. Grunin purported to penalize Facebook monetarily for non-compliance with Mr. Grunin's "terms."  A July 2014 order by Judge Breyer prohibited Mr. Costello, a non-attorney, from appearing on behalf of Mr. Grunin (Dkt. No. 33).  Docket numbers 8, 10, and 17 were stricken.  For the record, docket numbers 23, 26, 27, and 31 are hereby stricken for the same reasons outlined in the July 2014 order, as they fail to satisfy FRCP 8(b), and are otherwise immaterial under 12(f).

On July 30, 2014, *pro se* Mr. Grunin filed an "Affidavit of Specific Negative Averment" purporting to deny, *inter alia*, the allegations in the complaint (Dkt. No. 35).  In pertinent part, the document stated that Mr. Grunin "denies that the UNITED STATES DISTRICT COURT is the district court for the United States."  On August 7, Mr. Grunin filed another affidavit stating, *inter alia,* that "LAWYERS and LAWYER-JUDGES:  Created unconstitutional 'lawyer system' pre-trial 'motions' and 'Hearings' to have external EXTORTIONISTIC litigation's [sic] . . . ." (Dkt. No. 39).

On August 18, Mr. Grunin moved via counsel, Seth Weinstein at the Law Offices of Seth Weinstein, located in Sherman Oaks, and Andrew B. Gordon at Gordon Law Group, Ltd., located in Lake Zurich, Illinois, to set aside entry of default.  This action was reassigned to the undersigned judge in September 2014.  No motion for a default judgment has been filed yet, although Facebook has opposed Mr. Grunin's motion.  This order will now briefly summarize the allegations in the complaint.

2

The complaint alleges that Mr. Grunin violated the terms of Facebook's Statement of Rights and Responsibilities by using multiple user accounts to repeatedly place ads containing sexually provocative material on Facebook's website. Mr. Grunin also allegedly used unauthorized or fraudulent means to obtain and sell access to advertising accounts unaffiliated with him. Additionally, Mr. Grunin allegedly impersonated representatives from other companies in order to access and profit from their advertising accounts. Facebook alleges that since 2011, it has disabled at least seventy accounts linked to Mr. Grunin. The complaint alleges the following claims for relief: (1) breach of contract, (2) fraud, (3) violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030, and (4) violations of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code 502(c). Facebook seeks, *inter alia*, damages and injunctive relief.

**ANALYSIS**

FRCP 55(c) permits the court to set aside entry of default for good cause. The "good cause" standard considers three factors: (1) whether defendant engaged in culpable conduct that led to the default, (2) whether defendant presents a meritorious defense, or (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). Defendant bears the burden of showing that these factors favor setting aside the entry of default.

This order finds that Mr. Grunin has failed to present a meritorious defense. He has failed to show good cause for setting aside the default and, indeed, it would be hopeless to do so based on the record presented.

A defendant seeking to set aside an entry of default must present *specific facts* that would constitute a meritorious defense. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1094 (9th Cir. 2010). A mere general denial without facts to support it is insufficient to justify vacating an entry of default. *Franchise Holding II, LLC*, 375 F.3d at 926.

Mr. Grunin's showing on the motion presented is wholly inadequate. He has failed to present specific facts that would constitute a meritorious defense. The closest Mr. Grunin comes to presenting any fact constituting a defense is his assertion that Facebook has not alleged it has

3

1  verified his identity.  Mr. Grunin contends that Facebook has not shown it was he who in fact
2  committed the acts alleged in the complaint, including consenting to Facebook's terms of
3  service, controlling the accounts in question, and impersonating other individuals (Br. 6, 7).
4  Furthermore, Mr. Grunin asserts that verifying his identity is essential to proving each claim
5  for relief in the complaint, and that this would require "complex internet sourcing methods"
6  (Reply 10).  This is insufficient to constitute a meritorious defense.  Mr. Grunin has merely
7  extrapolated Facebook's alleged failure to prove his identity from the face of the complaint, and
8  has not presented any specific facts constituting a defense.  Mr. Grunin does not even deny the
9  alleged behavior.  His vague reference to meritorious factual defenses that "will be presented
10 during discovery or at trial" does not suffice.

11   Mr. Grunin's attempt to characterize Facebook's alleged failure to prove his identity
12 as a prospective meritorious "legal" defense, distinct from a factual defense, is unavailing.
13 Mr. Grunin cites *Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. C 06-6298 SBA, 2007 WL 1655793,
14 at 3 (N.D. Cal. June 7, 2007) (Judge Sandra Brown Armstrong), and *Tri-Continental Leasing*
15 *Corp., Inc. v. Zimmerman*, 485 F.Supp. 495, 497 (N.D. Cal. March 4, 1980) (Judge Albert C.
16 Wollenberg), for the proposition that the moving party need only assert or produce competent
17 evidence of a factual *or legal* basis for a tendered defense.  Mr. Grunin asserts that absent
18 evidence identifying Mr. Grunin as the perpetrator, Facebook's claims amount only to "an
19 unfounded logical leap" without "proof of proximate causation" (Reply 10).  Even accepting
20 such an interpretation, this hardly amounts to a legal assertion or evidence supporting a
21 meritorious defense.  Mr. Grunin has produced no sworn evidence regarding a meritorious
22 defense, and his bald, vague arguments are nothing more than a speculative attack on perceived
23 shortfalls with the complaint.  Mr. Grunin thus fails to present specific facts that would
24 constitute a meritorious defense.  It would be futile to lift the default entered four months ago.

## CONCLUSION

26 For the reasons stated herein, Mr. Grunin's motion to set aside entry of default is
27 **DENIED**.  Nevertheless, Mr. Grunin will be given one last chance to move to set aside entry of
28 default, assuming he agrees to the following condition.  If Mr. Grunin files a declaration

4

agreeing, under penalty of perjury, to pay in advance all of Facebook's reasonable attorney's fees and expenses incurred in response to Mr. Grunin's improper filings to date, promises to cease making such filings, and establishes factual innocence of the allegations in the complaint, Mr. Grunin may file a renewed motion to lift entry of the default.  That motion, however, must address all of the shortfalls identified in this order and must state and explain all of Mr. Grunin's meritorious defenses, if any.  Appended to that motion must be a declaration from Mr. Grunin, signed under oath, supporting his meritorious defenses, i.e., showing that he is actually innocent of the charges.  It will not be enough for Mr. Grunin to simply speculate on alleged shortfalls with the complaint.  He must tender a meritorious defense.  This all must be done and filed by **NOON ON NOVEMBER 13, 2014.**  If no motion is timely filed, Facebook shall file a motion for default judgment by **NOON ON NOVEMBER 20, 2014.**

**IT IS SO ORDERED.**

Dated:  October 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5